W. D. CROCKETT ET AL. v. ANN MAXEY.

(No. 3234.)

APPEAL from Washington County.    Opinion by DAVIDSON, J.

CAMPBELL & PENNINGTON, counsel for appellants.

SEARCY & GARRETT, counsel for appellee.

§ 292. *Cost bond; affidavit in lieu of, insufficient if made by the wife when her husband is a party plaintiff.* This was a suit brought by Ann Maxey and her husband, Louis Maxey, to recover of the constable and his sureties on his official bond damages for the seizure and sale of two mules, levied upon by said constable by virtue of an execution and order of sale issued upon a judgment in favor of M. A. Perkins & Son and J. W. Scurry against the husband, Louis Maxey.    M. A. Perkins, O. P. Per-

kins and J. W. Scurry were also made parties defendant in this suit by plaintiffs. It was claimed that the mules thus seized and sold were the separate property of the wife, Ann Maxey, and that they were not subject to seizure and sale under the laws. Defendants entered a motion that a rule for costs be entered against the plaintiffs in the suit, and, in answer to the rule for costs, Ann Maxey, the wife, made affidavit *in forma pauperis* in lieu of the cost bond. The husband did not unite or join with her in this affidavit, and the court admitted the affidavit in lieu of the cost bond over objection of defendants. We are of opinion that the affidavit, under the circumstances shown in the record, was not a sufficient compliance with the rule in law to entitle the parties to prosecute their suit. A married woman, except in certain cases of abandonment, or refusal by her husband to unite with her in a suit for the recovery of her separate property, etc., cannot institute and prosecute suits in her own name without joining her husband with her. Where the husband is joined in a suit for the purpose of prosecuting her rights, he is the proper party to execute the bond for costs when ruled thereto, or, in lieu thereof, he is the proper party to file the affidavit *in forma pauperis*. The husband in this instance was a party to the suit. The affidavit of the wife does not preclude the idea that her husband, the necessary party to the suit, was unable to pay the costs, or to give security therefor. We are of opinion that article 1438 of the Revised Statutes, with regard to the pauper affidavit in lieu of the cost bond, contemplates that the affidavit of inability to give bond must be made by the necessary parties plaintiff to the suit. Because the affidavit *in forma pauperis* made by the wife, not being joined by her husband, was insufficient in law, the judgment is reversed and the cause remanded.

January 23, 1892.          Reversed and remanded.